# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41237
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY DURISO, III,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CR-80-1

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

On the first day of his jury trial, after the parties made their opening statements, Jimmy Duriso, III, decided to plead guilty without a plea agreement to seven counts of distribution of at least five grams but less than 50 grams of a controlled substance, namely, methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B)(viii).  He was sentenced within the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41237

guidelines sentencing range to concurrent 121-month terms of imprisonment on each count and a total of eight years of supervised release.

Duriso argues, for the first time, that the Government engaged in misconduct by playing video clips of his confession during its opening statement; that the district court erred by failing to enter a written order following its oral denial of his motion to suppress; and that his trial counsel rendered ineffective assistance. We note at the outset that this is not one of the rare cases in which the record provides sufficient detail to allow us to determine the merits of Duriso's ineffective assistance of counsel claims, and we therefore decline to review them without prejudice to Duriso's ability to assert them in a 28 U.S.C. § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 503-09 (2003); *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

To prevail on his remaining claims, Duriso must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record reflects that the district court expressly ruled during the hearing on Duriso's motion to suppress that Duriso's video confession was admissible on several grounds. Further, the Government advised the court that it would introduce portions of Duriso's video confession at trial. Under the circumstances, Duriso has not shown any error, plain or otherwise, regarding the Government's use of his video confession during opening remarks. *See United States v. McCann*, 613 F.3d 486, 494 (5th Cir. 2010).

As for Duriso's assertion that the district court erred by not entering a written order memorializing its oral decision denying his motion to suppress

No. 17-41237

his confession, the issue is not adequately briefed. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010); FED. R. APP. P. 28(a)(6), 8(A); 5TH CIR. R. 28.2.2.    Thus, because Duriso's brief is not given liberal construction, *see Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010), this issue is deemed waived, *see Reagan*, 596 F.3d at 254.

Accordingly, the judgment of the district court is AFFIRMED.